CITIZENS BANK OF SALINE *v.* LUENSER.

1. MORTGAGES—DEED AS MORTGAGE.

   Conveyance, though in form absolute deed, was properly held to be mortgage, where it was given to secure payment of debt.

2. FRAUDULENT CONVEYANCES—MORTGAGES—CONSIDERATION.

   Where mortgage in form of deed was given to secure payment of debt, consideration was actual and adequate, and there was no intent to hinder or delay creditors, it cannot be said that conveyance was in fraud of creditors.

3. MORTGAGES—FUTURE ADVANCES.

   Where one purpose in executing deed was to secure future advances necessary to complete building, trial court was in error in disallowing amounts as secured by mortgage loaned for said purpose after deed was executed.

4. CREDITORS' SUITS—MORTGAGES—CONSIDERATION.

   Where, in suit in aid of execution, trial court disallowed certain items as secured by mortgage sought to be set aside, although there was supporting evidence, decree is modified, on appeal, to include said items.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 6, 1933. (Docket No. 8, Calendar No. 37,182.) Decided August 29, 1933.

Bill in aid of execution by Citizens Bank of Saline against Oscar E. Luenser and others to set aside conveyances of real estate. Decree for plaintiff. Defendants appeal. Modified and affirmed.

*Burke & Burke,* for plaintiff.

*A. J. Sawyer, Jacob F. Fahrner,* and *Albert J. Rapp,* for defendants.

McDONALD, C. J. This is an appeal by the defendants from a decree in a suit brought in aid of execu-

tion.  On May 25, 1931, the plaintiff caused an execution to be levied upon certain real estate known as the "Keech Street Property" formerly belonging to Oscar E. Luenser and Hazel M. Luenser, his wife, but which prior to the levy they had conveyed by deed to Mrs. Luenser's parents, Gustave R. Hinz and Barbara Hinz.  The bill charges that the deed was given in fraud of creditors, and the purpose is to have it set aside so that the levy may be perfected and the property applied in satisfaction of the judgment.  The trial court held the conveyance good as a mortgage, and decreed title in the premises to be in Oscar E. Luenser and Hazel M. Luenser, subject to a mortgage lien of the defendants, Gustave R. Hinz and Barbara Hinz, in the sum of $2,220.  From this decree the defendants have appealed.

The established facts show beyond question that the conveyance, though in form an absolute deed, was given to secure the payment of a debt which Oscar Luenser owed Mr. Hinz, his father-in-law, and for money which Mr. Hinz agreed to advance to complete the construction of a building which the Luensers were intending to occupy as a residence.  We do not deem it necessary to extend this opinion by a profitless discussion of evidence which so plainly supports the finding of the trial court that the conveyance was a mortgage.  Nor is it necessary to discuss the plaintiff's claim that the conveyance was in fraud of creditors.  The consideration was actual and adequate.  It was a good and valid mortgage untainted by any fraudulent intent to hinder or delay creditors.

The amount of the mortgage is in dispute.  The defendants claim upwards of $7,400.  The court found the actual amount to be $2,220, and the plaintiff is satisfied with that finding.  In reaching his conclusion the court disallowed items amounting to

$1,153 admittedly loaned to complete the house. These items were disallowed on the theory that the mortgage did not secure any money expended after its execution. In this the court erred. One of the purposes of the deed was to secure future advances necessary to complete the building. The defendants Oscar Luenser and wife claim to have kept a paper on which they entered the various amounts loaned to them by Mr. Hinz prior to the execution of the deed. We share the trial court's suspicion that the account was not in all respects genuine, and we think he rightfully disallowed many of the items appearing thereon except one of $550 which had supporting evidence. The record shows that Mr. Hinz was very liberal with his son-in-law. This appears from the fact that he allowed him to use his check book in making payments for finishing the building. He kept no account of the money which he loaned from time to time and for the improvements which he claims to have made after the house was completed. As to these matters, his testimony is too speculative to amount to proof. The account kept by the Luensers is not convincing as to the correctness of the items, and, where not supported by other evidence, was properly disallowed. We accept the trial court's finding on items represented by the $2,220, but to that should be added items of $1,153 and $550 which were wrongfully disallowed. With these allowances the amount of the Hinz mortgage lien is $3,923, on which he is entitled to interest of five per cent. from the date of the mortgage. The plaintiff is entitled to perfect its levy by a sale of Luensers' interest in the property. As thus modified the decree of the trial court is affirmed.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.